UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

AARON SINGLETON,

                Plaintiff,

-against-

CITY OF NEW YORK; DEPARTMENT OF CORRECTIONS; BRONX COUNTY DISTRICT ATTORNEY OFFICE; CYNTHIA BRANN, CITY OF NEW YORK DEPARTMENT OF CORRECTIONS COMMISSIONER; ALLISON KLINE, ASSISTANT DISTRICT ATTORNEY BRONX COUNTY; MEGAN LEO, ASSISTANT DISTRICT ATTORNEY BRONX COUNTY; DARCELL CLARK, BRONX DISTRICT ATTORNEY,

                Defendants.

21-CV-2893 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

      Plaintiff, who is currently detained in the Vernon C. Bain Center on Rikers Island, filed this action *pro se*, when he was detained in the Anna M. Kross Center on Rikers Island. He is seeking *in forma pauperis* (IFP) status. By order dated August 9, 2021, the Court directed Plaintiff to show cause why the Court should not deny his IFP application under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision. In that order, the Court identified the following three actions that were dismissed on potential strike grounds:

1. *Singleton v. City of New York Comptroller Office*, ECF 1:20-CV-8591, 8 (S.D.N.Y. Mar. 5, 2021) (*Singleton I*) (action dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), (iii));

2. *Singleton v. The People of the State of New York*, ECF 1:20-CV-4686, 6 (S.D.N.Y. Aug. 20, 2020) (*Singleton II*) (action dismissed under 28 U.S.C. § 1915(e)(B)(i), (ii), (iii), as frivolous, for failure to state a claim on which relief may be granted, and for seeking monetary relief from defendants that are immune from such relief);

3. *Singleton v. The People of the State of New York*, ECF 1:20-CV-4686, 6 (S.D.N.Y. Aug. 20, 2020) (*Singleton III*) (action dismissed under 28 U.S.C. § 1915(e)(B)(i), (ii), (iii), as frivolous, for failure to state a claim on which relief may be granted, and for

seeking monetary relief from defendants that are immune from such relief), *appeal denied*, No. 20-3115 (2d Cir. June 1, 2021) (appeal dismissed because it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

On August 23, 2021, Plaintiff filed a declaration in response to the Court's order. In his declaration, Plaintiff argued that *Singleton I* is not a strike because it was "ruled Rooker-Feldman Doctrine/Supplemental Jurisdiction, which is not a strike under the PLRA." (ECF No. 5 at 2.) The Court has reviewed *Singleton I*, and by order dated March 15, 2021, the Honorable Louis L. Stanton of this court declined to exercise supplemental jurisdiction over any state-law claim that Plaintiff was asserting. *See* 20-CV-8591, ECF No. 8 at 6. In light of the United States Court of Appeals for the Second Circuit decision in *Escalera v. Samaritan Village*, 983 F.3d 380, 382-84 (2d Cir. 2019), that (1) a prisoner's entire action, and not just individual claims, must be dismissed on Section 1915(g) grounds to count as a strike, and (2) a mixed dismissal on both Section 1915(g) and non-Section 1915(g) grounds, is not a strike, the Court agrees that *Singleton I* is not a strike. The Court will therefore issue a separate order addressing Plaintiff's request to proceed IFP.

On September 22, 2021, Plaintiff filed an amended complaint. (ECF No. 9). Because Plaintiff is not barred under Section 1915(g) from filing this action, the Court will review Plaintiff's amended complaint for substantive sufficiency, and, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office.

On September 27, 2021, Plaintiff filed an "Application for the Court to Request Pro Bono Counsel." (ECF No. 10.) The factors to be considered in ruling on an indigent litigant's request for counsel include the merits of the case, Plaintiff's efforts to obtain a lawyer, and Plaintiff's ability to gather the facts and present the case if unassisted by counsel. *See Cooper v. A. Sargenti Co.*, 877 F.2d 170, 172 (2d Cir. 1989); *Hodge v. Police Officers,* 802 F.2d 58, 60-62 (2d Cir.

1986). Of these, the merits are "[t]he factor which command[s] the most attention." *Cooper*, 877 F.2d at 172. Because it is too early in the proceedings for the Court to assess the merits of the action, Plaintiff's motion for counsel is denied without prejudice to renewal at a later date.

## CONCLUSION

Plaintiff is not barred under 28 U.S.C. § 1915(g), the Prison Litigation Reform Act's three-strikes provision, from filing actions IFP. The Court will therefore issue a separate order addressing Plaintiff's request to proceed IFP.

The Court will review Plaintiff's amended complaint (ECF No. 9) for substantive sufficiency, and, if proper, the case will be reassigned to a district judge in accordance with the procedures of the Clerk's Office.

The Court denies Plaintiff's request for counsel (ECF No. 10) without prejudice to renewal at a later date.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444–45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.

SO ORDERED.

Dated:   February 1, 2022
         New York, New York

                                              /s/ Laura Taylor Swain
                                              LAURA TAYLOR SWAIN
                                              Chief United States District Judge